RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

*Attorneys for Defendant,*
*State Farm Mutual Automobile Ins. Co.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE RUIZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through XV, and ROE Corporations I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-01351-JCM-VCF<br><br>**STIPULATION AND ORDER FOR REMAND, DISMISSAL OF EXTRA-CONTRACTUAL CLAIMS WITH PREJUDICE, AND CAP ON DAMAGES AT THE REMAINING AMOUNT OF THE UIM COVERAGE LIMIT** |

This Stipulation and Order for Remand, Dismissal of Extra-Contractual Claims With Prejudice, And Cap on Damages at the Remaining Amount of the UIM Coverage Limit (hereinafter "Agreement") is entered into by Plaintiff, Jose Ruiz, ("Plaintiff"), and Defendant, State Mutual Automobile Insurance Company ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has allegedly arisen from an September 12, 2018, automobile accident and subsequent claims handling, which culminated in a lawsuit styled *Jose Ruiz v. State Farm Mutual Automobile Insurance Company, et al,* currently pending in the United States District Court, District of Nevada, Case No. 2:19-cv-01351-JCM-VCF. Plaintiff is represented by the Law Office of Gina Corena, and specifically, Danielle C. Miller, Esq. State Farm is represented by Hall Jaffe & Clayton, LLP, and

specifically, Riley A. Clayton, Esq.

The following terms and conditions of this Agreement will become effective upon the signature by the Parties and the execution and filing of the same by this Court.

1. State Farm issued a policy of automobile insurance, which provides, among other coverages, uninsured motorist ("UIM") coverage of up to $25,000 "each person," subject to all terms, conditions, limitations of the policy and any applicable offsets.

2. State Farm has paid Plaintiff the amount of $2,266.59 as an advanced payment of UIM proceeds, which Plaintiff shall keep irrespective of any subsequent determination, but which amount serves as a credit against any subsequent payments under the UIM policy.

3. In an effort to resolve all disputes and controversies between the Parties arising out of and relating to the subject automobile accident and subsequent claims handling, the Parties have agreed to remand this case from federal court to state court; dismiss any/all extra-contractual claims (e.g., breach of the implied covenant of good faith and fair dealing, violations of Nevada's Unfair Claims Practices Act, consequential damages, expectation damages, punitive damages, etc.); cap all damages and exposure related to State Farm at $22,733.41, which is the remaining limit of UIM coverage available to Plaintiff, after all applicable offsets; and allow the case to proceed through Nevada's court annexed arbitration program.

4. The Parties agree and understand that after any arbitration award or decision is rendered, the Parties have reserved their rights to appeal the award or decision by timely filing for a trial de novo, and having the matter resolved under Nevada's "short jury trial" program, although the extra-contractual claims will remain dismissed, and damages will still remain capped at $22,733.41.

5. Because the amount in controversy is capped at $22,733.41, there no longer exists any amount in controversy sufficient for this Court to exercise jurisdiction over the case and, as such, the case will be remanded to the Eighth Judicial District Court, District of Nevada, Case No. A-19-796952-C, Dept. 28. Once the case has been remanded, the Parties will coordinate with each other to have the matter placed in the Court Annexed Arbitration Program at the earliest point possible.

6. Plaintiff, through this Agreement, agrees to dismiss with prejudice any and all claims, which are pled or could have been pled against State Farm as it relates to its claims handling and

decision-making, including any/all claims seeking extra-contractual recovery. In other words, **the only claim** that survives this Agreement involves Plaintiff's legal entitlement, if any, to the remaining UIM contractual proceeds available under the policy, subject to the $22,733.41 cap on damages, which is the remaining amount of the UIM limit, after all applicable offsets.

7. No attorneys fees or costs shall be awarded with respect to the removal of this case to federal court and the subsequent remand.

8. This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities.

DATED this 14 day of August, 2019.

HALL JAFFE & CLAYTON, LLP

By /s/ Riley A. Clayton
RILEY A. CLAYTON
Nevada Bar No. 5260
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Defendant, State Farm Mutual Automobile Ins. Co.*

DATED this 14 day of August, 2019.

LAW OFFICE OF GINA M. CORENA

By /s/ Danielle C. Miller
DANIELLE C. MILLER
Nevada Bar No. 9127
300 So. Fourth Street, Suite 1250
Las Vegas, NV 89101
*Attorneys for Plaintiff*

## ORDER

IT IS SO ORDERED.

Dated August 20, 2019.

*[signature]*
UNITED STATES DISTRICT COURT JUDGE